EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lyzette Reyes Berríos<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Recurrido | Certiorari<br><br>2024 TSPR 53<br><br>213 DPR ___ |

Número del Caso: CC-2023-0247


Fecha: 29 de mayo de 2024


Tribunal de Apelaciones:

    Panel VI


Oficina del Procurador General:

    Hon. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Carmen A. Riera Cintrón
    Procuradora General Auxiliar


Representante legal de la parte peticionaria:

    Lcdo. Roberto O. Maldonado Nieves


Materia: Derecho Laboral — Empleados públicos que busquen revindicar sus derechos al amparo de la Ley 90-2020 deberán tramitar su acción bajo el procedimiento ordinario dispuesto en las Reglas de Procedimiento Civil.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|                          |              |
|--------------------------|--------------|
| Lyzette Reyes Berríos    |              |
|     Peticionaria |              |
|        v. | CC-2023-0247 |
| Estado Libre Asociado de Puerto Rico |              |
|     Recurrido     |              |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 29 de mayo de 2024.

En esta ocasión, debemos resolver si el Art. 13 de la Ley Núm. 90-2020, conocida como *Ley para prohibir y prevenir el acoso laboral en Puerto Rico*, 29 LPRA sec. 3123, autoriza que los empleados públicos tramiten su reclamación bajo la Ley Núm. 2 de 17 de octubre de 1961, conocida como *Ley de procedimiento sumario de reclamaciones laborales,* 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961). Luego de estudiar minuciosamente el historial legislativo de ambas leyes, contestamos esta interrogante en la negativa. Siendo ello así, los empleados públicos que busquen revindicar sus derechos bajo la Ley 90-2020, *supra*, deberán tramitar su acción bajo el procedimiento ordinario dispuesto en las Reglas de Procedimiento Civil, 32 LPRA Ap. V.

## I.

El 17 de noviembre de 2022, la Sra. Lyzette Reyes Berríos (en adelante, "señora Reyes Berríos" o "peticionaria") presentó una reclamación en contra del Instituto de Ciencias Forenses y el Estado Libre Asociado de Puerto Rico (en adelante, "Estado"), al amparo de la Ley Núm. 90-2020, *supra*, y bajo el procedimiento sumario dispuesto en la Ley Núm. 2-1961, *supra*.[1] En síntesis, alegó que mientras trabajaba en el Instituto de Ciencias Forenses, como consecuencia de una solicitud de acomodo razonable, fue sometida a un patrón de acoso laboral, discrimen y represalias por parte de sus compañeros y su supervisora de trabajo. Posteriormente, el 5 de diciembre de 2022, la señora Reyes Berríos solicitó al Tribunal de Primera Instancia que anotara la rebeldía en contra del Estado.[2] Arguyó que este fue emplazado el 21 de noviembre de 2022 y que no presentó contestación a la reclamación dentro del término de diez (10) días, según lo requiere la Sec. 3 de la Ley Núm. 2-1961, 32 LPRA sec. 3120.

Así las cosas, el 14 de diciembre de 2022, el Estado, por conducto del Departamento de Justicia, solicitó la desestimación de la reclamación en su contra.[3] Entre otros asuntos, señaló que el Estado fue emplazado defectuosamente al utilizar los términos dispuestos en la

---

[1] *Demanda,* Apéndice del Alegato de la Peticionaria, págs. 1-9.
[2] *Solicitud de Anotación de Rebeldía,* Apéndice del Alegato de la Peticionaria, págs. 11-12.
[3] *Moción en Solicitud de Desestimación,* Apéndice del Alegato de la Peticionaria, págs. 15-24.

Ley Núm. 2-1961, *supra*. Según el Estado, el estatuto solo cobija a los empleados del sector privado y, por tanto, el procedimiento sumario laboral no está disponible para los empleados públicos. Dado lo anterior, concluyó que los plazos reducidos de la Ley Núm. 2-1961, *supra*, no son oponibles al Estado y su uso en el emplazamiento hicieron de este uno insuficiente. La señora Reyes Berríos replicó, a su vez, que el Art. 13 de la Ley Núm. 90-2020, *supra*, autoriza la presentación de reclamaciones de acoso laboral bajo la Ley Núm. 2-1961, *supra*.[4] Añadió que la Ley Núm. 90-2020, *supra*, expresamente incluye al Gobierno de Puerto Rico, sus dependencias e instrumentalidades dentro de la definición de "patrono" y que, por tanto, el procedimiento sumario está disponible para tramitar su reclamación.

Así las cosas, el 13 de marzo de 2023, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual proveyó No Ha Lugar a las mociones.[5] En cuanto a la anotación de rebeldía, entendió que la Ley Núm. 2-1961, *supra,* no aplicaba a la reclamación de la señora Reyes Berríos. Por otro lado, rechazó desestimar la reclamación de la señora Reyes Berríos dado a que el emplazamiento, aun utilizando términos inaplicables, informó adecuadamente al Estado de la existencia de una reclamación

---

[4] *Oposición a moción de desestimación y reiterando solicitud de anotación de rebeldía,* Apéndice del Alegato de la Peticionaria, págs. 25-28.

[5] La Resolución del Tribunal de Primera Instancia fue notificada un día después, a saber, el 14 de marzo de 2023. Véase, *Resolución,* Apéndice del Alegato de la Peticionaria, págs. 33-34.

en su contra. En vez le concedió al Estado un término de treinta (30) días para presentar la contestación.[6]

El 24 de marzo de 2023, la señora Reyes Berríos acudió al Tribunal de Apelaciones. En su recurso de *certiorari* solicitó que se revocara la *Resolución,* señalando como error que el Tribunal de Primera Instancia se negara a anotar la rebeldía en contra del Estado. El 30 de marzo de 2023, el Tribunal de Apelaciones denegó expedir el *certiorari*. En su *Resolución,* advirtió que la Ley Núm. 2-1961, *supra,* es inaplicable a las reclamaciones de los empleados públicos y, además, que lo dispuesto por la Ley Núm. 90-2020, *supra*, no confiere autoridad para que un empleado público pueda recurrir a ese procedimiento. Así pues, concluyó que la determinación del Tribunal de Primera Instancia "es esencialmente correcta y no atisbamos ningún error que requiera nuestra intervención".[7]

No conteste, el 20 de abril de 2023, la señora Reyes Berríos acudió ante nos mediante un recurso de *Certiorari* en el que señaló los errores siguientes:

> A. Erró el TPI al no cumplir con el mandato de la sección 4 de la Ley 2 en lo relativo a la anotación de la rebeldía de la parte querellada y al conferirle un nuevo plazo para contestar la querella.

> B. Erró el TA al denegar el recurso de certiorari bajo la teoría de que la Ley 2 no le aplica al estado bajo la Ley 90.

---

[6] *Resolución*, Apéndice del Alegato de la Peticionaria, pág. 34.
[7] *Resolución KLCE202300927*, Apéndice del Alegato de la Peticionaria, pág. 52.

Examinado el recurso, el 30 de junio de 2023, expedimos el auto y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

La Ley Núm. 2-1961, *supra,* establece un procedimiento sumario para la tramitación y adjudicación de los pleitos laborales. Al adoptarla, el legislador buscó brindarle a los obreros y empleados un mecanismo procesal por el cual las querellas contra los patronos sean consideradas y adjudicadas de manera rápida. *Patino Chrino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016); *Rivera v. Insular Wire Products Corp*., 140 DPR 912, 923 (1996). Aunque ese proceso fue establecido para atender casos de reclamaciones salariales, la Asamblea Legislativa ha extendido su alcance mediante leyes especiales para que este pueda utilizarse en otras reclamaciones de índole laboral. *Piñero v. A.A.A.,* 146 DPR 890, 900 (1998); *Rivera v. Insular Wire Products Corp., supra,* pág. 922. Hemos reafirmado que la naturaleza y finalidad de este tipo de reclamación amerita que sean "resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido los medios económicos para su subsistencia mientras consigue un nuevo

empleo". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Piñero v. A.A.A.*, *supra*, pág. 897.

Para lograr ese propósito la Ley Núm. 2, *supra,* dispone de:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Rivera v. Insular Wire Products Corp., supra,* págs. 923-924.

En lo pertinente al caso de autos, la Sec. 2 de la Ley Núm. 2-1961, 32 LPRA sec. 3119, dispone que:

> [. . .][L]a palabra "empleado", que se usa en su acepción más amplia, comprenderá, entre otros, a toda clase de artesano, empleado o dependiente de comercio o industria.

En el debate del proyecto de la Ley Núm. 2-1961, *supra,* se discutió este término y la aplicación de esta Ley a los empleados del sector público. Sobre el particular, se expresó, que:

> **Sr. Rivera Morales**: Con la venia de la Presidencia, la pregunta es si se considerarán patronos, a los efectos de esta ley, las distintas autoridades del Gobierno, y los municipios.
> **Sr. Ortiz Ortiz**: La intención es que no queden incluidos ni el Gobierno ni los municipios en esta definición de "patronos".

**Sr. Rivera Morales:** No lo oí bien. No lo oí.

**Sr. Ortiz Ortiz:** Digo, que no están incluidos. Digo, que en cuanto al Gobierno en general, no. Claro, hay Autoridades que sí, que tienen convenios colectivos como la Autoridad de Fuentes Fluviales. Si me permite que el compañero Armando Sánchez contesté la pregunta.

**Sr. Presidente:** Adelante.

**Sr. Sánchez Martínez:** En cuanto a autoridades que tienen contratos colectivos, y estarán sujetos a cualquier reclamación, está la Autoridad de Tierras, Fuentes Fluviales, Autoridad de Puertos, Autoridad Metropolitana de Autobuses; o sea, todas aquellas instrumentalidades que específicamente funcionan como entidades privadas.
Tomo XIV, Diario de Sesiones de la Asamblea Legislativa, Parte 4 (Segunda Sesión Extraordinaria), pág. 176 (1961).

De lo anterior, surge con meridiana claridad que la Ley Núm. 2-1961, *supra,* no fue instituida para que los empleados públicos tramiten sus reclamaciones laborales al amparo del estatuto. De este debate también surge que la Ley Núm. 2-1961, *supra,* "es estrictamente de procedimiento y que para delimitar el ámbito de su aplicación hay que recurrir a las leyes especiales que establecen el derecho sustantivo de los empleados a reclamar salarios". *Piñero v. A.A.A., supra,* pág. 899.[8]

---

[8] En cuanto a lo anterior, en el debate del proyecto se expresó lo siguiente:

    **Sr. Rivera Morales:** La pregunta al Presidente de la Comisión de lo Jurídico, con la venia del Presidente, es si se define en esta ley el concepto "obrero o empleado", y la ley es para regir o reglamentar las relaciones entre obreros, empleados o patronos ¿Debe o no definirse en alguna forma el concepto "patrono"?

    **Sr. Ortiz Ortiz:** Digo, la situación es que ésta es una ley procedimiento [sic], de reclamaciones; o sea, de los pleitos que se puedan traer, y está basada en otras leyes que establecen los derechos a salarios. En esas otras leyes es que hay esas definiciones. Por lo tanto, estas acciones presuponen que haya un derecho a salario bajo las leyes sustantivas. O sea, que esto es de procedimiento nada más, y esta ley de procedimiento

De igual manera, este Tribunal ha expresado que la Sec. 2 de la Ley Núm. 2-1961, "[p]or su propios términos excluye a los empleados del Gobierno del E.L.A. e incluye **solamente a los que trabajan en el comercio y la industria**". *Cardona v. Depto. Recreación y Deportes,* 129 DPR 557, 571 (1991) (énfasis suplido).

Además, en *Rivera Ortiz v. Municipio De Guaynabo*, 141 DPR 257 (1996), examinamos si los empleados municipales podían utilizar el procedimiento sumario en una reclamación de salarios. En síntesis, resolvimos, en primer lugar, que por disposición estatutaria era la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) quien tenía jurisdicción exclusiva para atender la reclamación salarial de los empleados. *Id.,* págs. 271-272. Por tanto, no permitimos la reclamación judicial bajo el procedimiento sumario e impedimos que se omitiera el cauce administrativo. *Id.,* pág. 274. Igualmente, al analizar la Sec. 2 de la Ley Núm. 2-1961, *supra,* concluimos que el procedimiento sumario laboral está previsto solo para "casos de reclamaciones laborales de beneficios o derechos de **los empleados del sector privado**". *Id.,* pág. 275 (énfasis suplido); *Rivera Torres v. UPR et al.,* 209 DPR 539, 554 esc. 7 (2022).

---

tendría que ajustarse a otras leyes de salario, dónde ya hay esas definiciones."
Tomo XIV, Diario de Sesiones de la Asamblea Legislativa, Parte 4 (Segunda Sesión Extraordinaria), pág. 176 (1961).

Posteriormente, en *Piñero v. A.A.A.*, *supra*, pág. 902, concluimos que una persona que ocupaba el puesto de Coordinadora Especial, clasificado como de confianza, en la Autoridad de Acueductos y Alcantarillados, una corporación pública cobijada por la Ley Núm. 2-1961, *supra*, podía acudir al procedimiento sumario de la Ley Núm. 2-1961, *supra*, para tramitar su reclamación al amparo de varias leyes protectoras del trabajo. Esa conclusión fue el producto de un análisis respecto a la intención del legislador al definir el término "*empleado*" en la Ley Núm. 2-1961, *supra,* en su "acepción más amplia" y ante el hecho de que el legislador ha ampliado este proceso para otras reclamaciones laborales.[9]

**B.**

La *Ley para prohibir y prevenir el acoso laboral en Puerto Rico*, Ley Núm. 90-2020, *supra*, es un estatuto de carácter reparador. Esta define acoso laboral como:

> [C]onducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos, tales

---

[9] En particular concluimos que:
"[D]ado que el alcance de la Ley Núm. 2, supra, ha sido extendido estatutariamente para abarcar diversas reclamaciones de índole obrero-patronal, no tan sólo reclamaciones de salarios; que la definición de empleado provista en ella no excluye expresamente de sus disposiciones a los administradores, ejecutivos ni a los profesionales, y que dispone, además, que dicho término se utilizará en su acepción más amplia, concluimos que éste incluye a los ejecutivos." *Piñero v. A.A.A., supra,* pág. 903.

como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. Esta conducta de acoso laboral crea un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que la persona razonable pueda ejecutar sus funciones o tareas de forma normal. Art. 4 de la Ley 90-2020, 29 LPRA sec. 3114

En síntesis, el concepto encapsula varias interacciones o relaciones en el lugar de trabajo que resultan abusivas a la integridad y salud de la persona. Además, la Ley provee para que todo empleado que haya sido afectado presente una reclamación civil en contra de su patrono por incurrir, fomentar o permitir el acoso laboral. Art. 5 de la Ley Núm. 90-2020, 29 LPRA sec. 3115. Ahora, antes de presentar una reclamación judicial, el empleado debe utilizar los procedimientos y protocolos adoptados por el patrono y, de ser infructuosa la gestión, recurrir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. Art. 10, Ley Núm. 90-2020, 29 LPRA sec. 3120.

En su definición de *"patrono"*, el estatuto insertó como parte del término al "Gobierno de Puerto Rico, incluyendo la Rama Ejecutiva, Legislativa y Judicial, así como sus instrumentalidades o corporaciones públicas, los gobiernos municipales". Art. 4 de la Ley Núm. 90-2020, *supra.* Además, define al *"empleado"* como "toda persona que preste servicios a un patrono y que reciba compensación por ello. Para efectos de la protección que se confiere mediante este capítulo, el término empleado se

interpretará en la forma más amplia posible". *Id.* Asimismo, el Art. 3 de la Ley 90-2020, *supra,* dispone que esta aplicara "a empleados, no importa la naturaleza del empleo, su categoría, jerarquía o clasificación, ni la duración del contrato de empleo, que sean objeto de la conducta denominada como acoso laboral". 29 LPRA sec. 3113.

En resumen, la Ley 90-2020, supra, concibe las figuras del "*patrono*" y "*empleado*" de manera extensiva, hasta el punto de incluir al sector público. Además, la Ley busca que sus protecciones abracen al mayor número de personas. Por tanto, no hay duda de que la Ley 90-2020, *supra*, cobija a los empleados del sector público.

De particular importancia para el caso de autos, el Art. 13 de la Ley 90-2020, 29 LPRA sec. 3123, dispone que:

> En todo pleito judicial que se inste por violación a las disposiciones de este capítulo, la persona perjudicada podrá optar por tramitar su causa de acción mediante el procedimiento sumario que establece las secs. 3118 a 3132 del Título 32, o mediante el procedimiento ordinario que establece las Reglas de Procedimiento Civil de 2009.

Ahora, aunque la Ley 90-2020, *supra,* cobija a los empleados gubernamentales y el Art. 13 indica que el empleado puede escoger bajo que procedimiento instar su reclamación judicial, no surge del texto si se le está autorizando a los empleados públicos a utilizar el procedimiento sumario laboral, del que ha sido expresamente excluido por la Ley Núm. 2-1981, *supra.* Tanto la Exposición de Motivos como el historial legislativo de

la Ley Núm. 90-2020, *supra*, tampoco proveen una expresión clara al respecto.

El historial legislativo guarda silencio sobre la aplicabilidad del procedimiento sumario laboral para que los empleados públicos tramiten su reclamación de acoso laboral. De los Informes de la Comisión de Asuntos Laborales de la Cámara de Representantes de Puerto Rico y de la Comisión de Gobierno del Senado de Puerto Rico sobre la medida no surge discusión alguna sobre el referido artículo. Solo la ponencia del Departamento de Justicia planteó que el Art. 13 no aplica a los empleados públicos.[10]

### C.

Antes de proceder a resolver, es meritorio discutir las normas de hermenéutica relevantes a la controversia. Como punto de partida, al interpretar una ley cuando esta es "clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". Art. 19 del Código Civil, 31 LPRA sec. 5341. Ahora, ante una expresión ambigua en el texto de una ley, es necesario considerar la intención y propósitos del legislador para así asegurar el resultado originalmente querido. *S.L.G.*

---

[10] En particular, indicó:

"Valga señalar que, el Artículo 13 brinda a la persona afectada instar su causa de acción mediante el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como Procedimiento Sumario para Reclamaciones Laborales. En cuanto a los empleados públicos se seguirá el procedimiento de la "Ley de Pleitos contra el Estado", Ley Núm. 104 de 29 de junio de 1955, según enmendada."

Memorando del Departamento de Justicia de 12 de febrero de 2018, pág. 12. Disponible en P. de la C. 306, 23 de marzo de 2017, sutra.oslpr.org.

*Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 362 (2009). Para ello, el Art. 20 del Código Civil, 31 LPRA sec. 5342, dispone que "[p]ara descubrir el verdadero sentido de una ley cuando sus expresiones son ambiguas, se considerará su razón y su espíritu, mediante la atención a los objetivos del legislador, a la causa o el motivo para dictarla". Al realizar esta búsqueda "no nos podemos limitar a la exposición de motivos de la ley, sino que, además, debemos examinar su historial legislativo". *S.L.G. Rivera Carrasquillo v. A.A.A.*, *supra*, pág. 363.

Además, ante la necesidad de interpretar varias leyes relacionadas entre sí, "tenemos que armonizar, siempre que sea posible, todos aquellos estatutos involucrados en la solución de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable". *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 741 (2012).

Por último, la legislación protectora del trabajo, dado a su naturaleza reparadora, debe ser interpretada liberalmente, resolviéndose toda duda a favor del trabajador. *Romero et als. v. Cabrer Roig et als.*, 191 DPR 643, 653 (2014); *Cordero Jiménez v. UPR*, 188 DPR 129, 139 (2013).[11] Las exclusiones de empleados de los beneficios

---

[11] De manera general en *Orsini Garcia v. Srio. de Hacienda*, 177 DPR 596, 614 (2009), recalcamos que:
> Los estatutos se interpretan distintamente según la razón por la cual fueron creados. Si el objetivo legislativo es beneficiar a los individuos, al Estado o reparar alguna situación de injusticia en particular, la interpretación deberá ser liberal. Por el contrario, si el objetivo está dirigido a limitar los derechos del Estado o de la sociedad en general, la interpretación debe ser restrictiva. La idea de estas formas de interpretación es

de una legislación laboral debe ser clara y estas se interpretan de manera restrictiva. *Romero et als. v. Cabrer Roig et als.*, *supra*. Sin embargo, este Tribunal ha advertido que la "interpretación liberal no puede tener el efecto de descartar la voluntad del legislador cuando se trata de una situación específicamente prevista por este y su intención sobre cómo resolverla es clara". *Rivera Torres v. UPR et al.*, *supra*, págs. 550-551; *Zayas Rodríguez y otros v. PRTC*, 195 DPR 720, 734 (2016); *Feliciano Martes v. Sheraton*, 182 DPR 368, 392 (2011).

## III.

A la luz de la normativa expuesta, pasemos a analizar los hechos particulares del caso de autos. El asunto medular es determinar si el Art. 13 de la Ley Núm. 90-2020, *supra,* autoriza a los empleados públicos a presentar su Demanda de acoso laboral en contra del patrono público bajo el procedimiento sumario dispuesto en la Ley 2-1961, *supra.*

En su recurso ante nos, la señora Reyes Berríos alegó que los foros *a quo* erraron al concluir que no procedía la anotación de rebeldía en contra del Estado luego de haber transcurrido diez (10) días desde que este fue notificado de la reclamación en su contra. A su entender, las determinaciones de los foros recurridos no cumplen cabalmente con las disposiciones de la Ley Núm. 90-2020,

---

facilitar que se cumpla con la finalidad de cada legislación.

*supra*. Señaló que el Art. 4 de esta Ley, primero, define al Estado como un patrono y, segundo, ordena que el término empleado sea interpretado de la forma más amplia posible. Razonó que, conforme a lo anterior, el Art. 13, *supra*, autoriza a que en toda reclamación judicial bajo la Ley Núm. 90-2020, *supra*, el empleado, sea este público o privado, pueda utilizar el procedimiento sumario.

El Estado contrapone lo anterior al señalar que la Ley Núm. 2-1961, *supra*, y sus términos cortos, conforme a lo resuelto previamente por este Tribunal, no aplican cuando el Estado es la parte querellada. Por tanto, entiende que la causa de acción de la peticionaria no podía presentarse y tramitarse al amparo de la Ley Núm. 2-1961, *supra*. Sobre el Art. 13 de la Ley Núm. 90-2020, *supra,* sostuvo que como la medida aplica tanto a patronos privados como públicos, la vía procesal disponible va a depender de contra cuál tipo de patrono se presenta la acción. Según este, lo dispuesto por la Ley Núm. 90-2020, *supra,* no da margen a entender que se suprimieron las propias disposiciones y propósitos perseguidos en la Ley Núm. 2-1961, *supra.*

En pasadas ocasiones este Tribunal ha sido consistente en reiterar que el procedimiento sumario de la Ley Núm. 2-1961, *supra,* no aplica a los empleados del sector público. *Rivera Torres v. UPR et al.*, *supra*; *Rivera Ortiz v. Municipio De Guaynabo*, *supra; Cardona v. Depto. Recreación y Deportes, supra.* Lo anterior es cónsono con

el texto de la sec. 2 de la Ley Núm. 2-1961, *supra*, y la intención legislativa al momento de su aprobación.

Como discutimos, la Sec. 2 de la Ley Núm. 2-1961, *supra*, excluye a los empleados públicos. La definición de "*empleados*" aun en su acepción más amplia solo incluye a aquellos en el comercio o industria, entiéndase del sector privado. El incluir a los empleados públicos sería una interpretación incompatible con los propios términos de la definición de la Sec. 2, *supra*. Darle un significado más amplio al concepto de empleado no es indicio para descartar el texto claro de la ley. Además, el debate legislativo reseñado demuestra que el procedimiento sumario laboral no fue creado con la intención de que aplicara al Estado. *Véase* Tomo XIV, Diario de Sesiones de la Asamblea Legislativa, Parte 4 (Segunda Sesión Extraordinaria), pág. 176 (1961).

Siendo ello así, no podemos avalar la interpretación al Art. 13 de la Ley Núm. 90-2020, *supra*, que propone la peticionaria. **La disposición no autoriza a los empleados públicos a entablar reclamaciones bajo la Ley Núm. 2-1961, *supra*. No hay indicio alguno en el historial de la Ley Núm. 90-2020, *supra,* para apoyar la conclusión de que la intención del legislador detrás del Art. 13, *supra,* fue enmendar la Ley Núm. 2-1961, *supra,* para esos efectos.** El Art. 13, *supra*, asume que el empleado tiene derecho a entablar la reclamación de acoso laboral bajo cualquier vía procesal, entiéndase la ordinaria o la sumaria. No

obstante, para que lo anterior sea posible, es necesario que el reclamante caiga dentro de la definición de empleado de la Ley Núm. 2-1961, *supra*. La intención del legislador sobre la aplicabilidad del procedimiento sumario laboral para los empleados públicos, es un asunto que el legislador consideró y rechazó al momento de aprobar la Ley Núm. 2-1961, *supra*.

Por tanto, resulta forzoso concluir que el Art. 13 de la Ley 90-2020, *supra*, no autoriza a un empleado público a dilucidar una reclamación bajo el procedimiento sumario laboral. La Ley Núm. 2-1961, *supra*, impone una exclusión clara en cuanto a su marco de aplicación para estos empleados. Lo resuelto hoy no implica que los empleados públicos no estén cobijados por la Ley Núm. 90-2020, *supra;* solamente delimita el trámite procesal a seguir y garantiza la aplicación objetiva de ambos estatutos conforme a los principios de hermenéutica aplicables. Como observamos anteriormente, tanto el texto como la intención legislativa detrás de la Ley Núm. 90-2020, *supra,* dejan claro que los empleados públicos son acreedores de la protección en contra del acoso laboral. El Art. 4 de la Ley Núm. 90-2020, *supra,* expresamente incluye al Gobierno de Puerto Rico y sus instrumentalidades dentro del concepto de "patrono". **Por tanto, el Estado, como patrono, tiene que cumplir con las disposiciones de la Ley 90-2020, *supra*, y puede responder civilmente.**

Ante el choque por lo dispuesto en la Ley Núm. 90-2020 y la Ley Núm. 2-1961, *supra,* resolver que el trámite procesal disponible a los empleados públicos es la vía ordinara, resulta en la solución más sensata y lógica, respetando la intención legislativa detrás de ambos estatutos. Resultaría incongruente concluir que la Ley Núm. 90-2020, *supra,* autoriza a una clase de empleados a encausar su reclamación bajo una ley procesal, en este caso la Ley Núm. 2-1961, *supra*, que explícitamente los excluye de su aplicación.

En virtud de lo anterior, los foros recurridos no erraron al denegar la petición de la señora Reyes Berríos a fines de anotarle la rebeldía en contra del Estado. Conforme a lo reseñado, para poder determinar si una persona puede tramitar su reclamación bajo el procedimiento sumario laboral este tiene que: 1) ser acreedor de un remedio establecido por una ley sustantiva; 2) que la ley sustantiva autorice a la persona a tramitar su reclamación bajo la Ley Núm. 2-1961, *supra*, y 3) que la persona cumpla con la definición de obrero o empleado de la Sec. 2 de la Ley Núm. 2-1961, *supra.*

Dado al hecho de que la peticionaria es empleada pública esta no está autorizada a presentar una reclamación bajo el procedimiento sumario de la Ley Núm. 2-1961, *supra*. Por tal motivo, su reclamación debe ser tramitada conforme a las Reglas de Procedimiento Civil, *supra.* De igual forma, tampoco el Estado estaba obligado a contestar la

reclamación en su contra dentro del término de diez (10) días de habérsele notificado la querella.

**IV.**

Por los fundamentos antes expuestos, se confirman las Sentencias de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de manera compatible con lo aquí dispuesto.

Se dictará sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lyzette Reyes Berríos<br><br>      Peticionaria<br><br>           v.<br><br>Estado Libre Asociado de<br>Puerto Rico<br><br>      Recurrido | | CC-2023-0247 |

SENTENCIA

En San Juan, Puerto Rico, a 29 de mayo de 2024.

Por los fundamentos antes expuestos, se confirman las Sentencias de los foros *a quo* y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de manera compatible con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre sin opinión escrita. El Juez Asociado señor Estrella Martínez emitió una Opinión disidente. El Juez Asociado señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lyzette Reyes Berríos<br><br>Peticionaria<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Recurrido | CC-2023-0247 | Certiorari |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 29 de mayo de 2024.

En esta ocasión resultaba indispensable que este Tribunal pautara que, de conformidad con la Ley para prohibir y prevenir el acoso laboral en Puerto Rico, Ley Núm. 90-2020, 29 LPRA sec. 3111 et seq. (Ley para prohibir y prevenir el acoso laboral o Ley Núm. 90-2020), las empleadas y los empleados del sector público pueden tramitar una causa de acción en contra de su patrono al amparo de las protecciones contenidas en la Ley de procedimiento sumario de reclamaciones laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 et seq. (Ley Núm. 2). Esto debió ser así ya que la Ley para prohibir y prevenir el acoso laboral establece expresamente que la persona afectada por tan censurable comportamiento podrá interponer su reclamo contra, incluso, el Gobierno, bajo el procedimiento sumario laboral.

Ante ese escenario, correspondía que los tribunales garantizaran que la querella en cuestión se condujera y adjudicara de manera diligente. Consecuentemente, procedía revocar la determinación recurrida, la cual denegó la anotación de rebeldía y concedió un término al Gobierno para que contestara la querella, a pesar de haber transcurrido más tres (3) meses desde que esta se presentó a tenor con el procedimiento sumario laboral. **Este era la única conclusión correcta en Derecho.**

A pesar de lo anterior, una Mayoría de este Tribunal se embarca en la insólita tarea de ir en contra del texto prístino de la <u>Ley para prohibir y prevenir el acoso laboral</u> para concluir que, a pesar de que en esta se establece expresamente que este tipo de pleitos en contra del Gobierno pueden tramitarse por la vía sumaria, los empleados públicos no están autorizados a utilizar el procedimiento dispuesto en la Ley Núm. 2.

Disiento de este derrotero, pues también atenta contra la política pública contenida en la <u>Ley para prohibir y prevenir el acoso laboral</u>. Al proceder de esta forma, se interfirió con el interés legislativo de viabilizar que estas controversias sean tramitadas de manera expedita —y de acuerdo con las formalidades exigidas por la Ley Núm. 2— debido a las garantías constitucionales que se vulneran con el acoso laboral.

Expuesta la controversia, veamos, entonces, los antecedentes fácticos que la originaron.

I

El **17 de noviembre de 2022,** la Sra. Lyzette Reyes Berríos (señora Reyes Berríos) incoó un reclamo en contra del Gobierno de Puerto Rico (Gobierno) bajo el resguardo de la <u>Ley para prohibir y prevenir el acoso laboral</u>. En su demanda, sostuvo que trabajó por más de veinte (20) años como técnica de patología forense en el Instituto de Ciencias Forenses (ICF) y que, luego de haber solicitado acomodo razonable por sus condiciones de salud, había sido sometida a un patrón de acoso laboral, discrimen y represalias. **De acuerdo con lo establecido en el Art. 13 de la Ley de Acoso Laboral, 29 LPRA sec. 3123, la señora Reyes Berríos eligió que su causa de acción se ventilara bajo el trámite sumario laboral estatuido en la Ley Núm. 2.**

Ante la incomparecencia del Gobierno, el **5 de diciembre de 2022,** la señora Reyes Berríos planteó que este debió contestar la demanda conforme al término dispuesto en la Ley Núm. 2. Al respecto, arguyó que el Gobierno fue emplazado el 21 de noviembre de 2022 y que el término venció el 1 de diciembre de 2022 sin que se hubiera presentado contestación alguna. Por tanto, solicitó que se le anotara la rebeldía.

El **14 de diciembre de 2022**, el Gobierno, por conducto del Departamento de Justicia, presentó una moción de desestimación mediante la cual alegó que al Gobierno y a sus agencias no les es aplicable el procedimiento sumario de la Ley Núm. 2. En respuesta, la señora Reyes Berríos reafirmó que el Gobierno es un patrono, según definido este término en la Ley para prohibir y prevenir el acoso laboral, y que, en virtud del Art. 13 de la Ley Núm. 90-2020, esta podía tramitar su causa de acción bajo el procedimiento sumario.

Tras varios trámites procesales, el 14 de marzo de 2023, el Tribunal de Primera Instancia notificó que declaró no ha lugar la solicitud de anotación de rebeldía que presentó la señora Reyes Berríos y, además, concedió al Gobierno un término de treinta (30) días para que contestara la demanda.

Inconforme, la señora Reyes Berríos acudió al Tribunal de Apelaciones. Allí, planteó que **el foro primario erró:** **(1)** al no cumplir con el mandato de la Sección 4 de la Ley Núm. 2, supra, el cual exige que a la parte querellada se le anote la rebeldía si no presenta su contestación dentro del término estatuido, y **(2)** al conferir al Gobierno un nuevo plazo de treinta (30) días para contestar la querella, en contravención de la Ley Núm. 2.

Tras prescindir de la comparecencia del Gobierno, el Tribunal de Apelaciones se abstuvo de atender el recurso

en los méritos. Sin embargo, al fundamentar su denegatoria, precisó que la determinación del Tribunal de Primera Instancia "es esencialmente correcta y no atisbamos ningún error que requiera nuestra intervención".[1] En apoyo a lo anterior, abundó en que la Ley Núm. 2 no es aplicable a las reclamaciones de empleados públicos.

En desacuerdo, la señora Reyes Berríos acudió ante este Tribunal. En su Certiorari, esta señala que los foros recurridos erraron en lo siguiente:

> [1] Erró el [Tribunal de Primera Instancia] al no cumplir con el mandato de la Sección 4 de la Ley [Núm.] 2 en lo relativo a la anotación de la rebeldía de la parte querellada y al conferirle un nuevo plazo para contestar la querella.

> [2] Erró el [Tribunal de Apelaciones] al denegar el recurso de certiorari bajo la teoría de que la Ley 2 no le aplica al Estado bajo la Ley [Núm.] 90.

Confrontados con tales planteamientos, un sector mayoritario de este Tribunal falló en corregir el desacertado curso de acción proseguido por los foros recurridos fundamentado en una interpretación de la Ley Núm. 90-2020 que es manifiestamente errónea. Ante ello, **disiento**.

Por tanto, procedo a exponer los fundamentos en Derecho que orientan mi postura y las razones por las cuales, en el caso de autos, este Tribunal debió garantizar el cumplimiento con la letra clara de la Ley para prohibir y

---

[1]Apéndice del certiorari, Resolución, pág. 52.

prevenir el acoso laboral y los preceptos normativos que regulan los procedimientos sumarios bajo la Ley Núm 2.

## II

Previo al 2020, las controversias sobre acoso laboral en Puerto Rico eran atendidas al amparo de las protecciones contenidas en los convenios colectivos, en los manuales de empleo, en la Constitución de Puerto Rico y bajo el modelo general de la responsabilidad civil extracontractual que emana del Código Civil.[2]

Ahora bien, con la aprobación de la Ley para prohibir y prevenir el acoso laboral,[3] se reconoció el acoso laboral como un problema grave que "va en contra de los principios más básicos de igualdad y dignidad reconocidos en el Artículo II, Sección 1, de la Carta de Derechos de nuestra Constitución, y del derecho que tiene todo trabajador contra riesgos a su salud y seguridad en el empleo según dispuesto en el Artículo II, Sección 16". Exposición de Motivos de la Ley Núm. 90-2020, (2020 [Parte 2] Leyes de Puerto Rico 1756).

Dada la alta jerarquía que gozan estos derechos fundamentales, con la aprobación de la Ley Núm. 90-2020, el Gobierno de Puerto Rico estableció una

---

[2] J. M. Farinacci Fernós, El acoso laboral en Puerto Rico y la búsqueda de un remedio legislativo, Rev. AMICUS Vol. I – Núm. 2, 117, 118 (2018).

[3] Esta ley entró en vigor inmediatamente luego de su aprobación el 7 de agosto de 2020.

vigorosa política pública contra todo tipo de acoso laboral que afecte el desempeño del trabajador, altere la paz industrial y atente contra la dignidad de los trabajadores, **no importa cuál sea su categoría o clasificación en el empleo**. Al amparo de esta Ley se provee **a los trabajadores de Puerto Rico** una causa de acción para impedir el acoso laboral y ser indemnizados por los daños que sufran a consecuencia de ello. (Negrilla y énfasis suplidos). 29 LPRA sec. 3112.

Según la Ley Núm. 90-2020, el <u>acoso laboral</u> consiste en:

[A]quella **conducta malintencionada, no deseada, repetitiva y abusiva; arbitraria, irrazonable y/o caprichosa; verbal, escrita y/o física; de forma reiterada por parte del patrono, sus agentes, supervisores o empleados, ajena a los legítimos intereses de la empresa del patrono, no deseada por la persona, que atenta contra sus derechos constitucionales protegidos**, tales como: la inviolabilidad de la dignidad de la persona, la protección contra ataques abusivos a su honra, su reputación y su vida privada o familiar, y la protección del trabajador contra riesgos para su salud o integridad personal en su trabajo o empleo. **Esta conducta de acoso laboral crea un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que la persona razonable pueda ejecutar sus funciones o tareas de forma normal.** (Negrilla suplida). 29 LPRA sec. 3114(3).[4]

Asimismo, la ley antes citada establece que la adjudicación sobre si determinada conducta constituye acoso laboral dependerá de la totalidad de las circunstancias y

---

[4]Nótese que la Exposición de Motivos también contiene una definición similar sobre lo que es el acoso laboral. Véase, Exposición de Motivos de la Ley Núm. 90-2020, (2020 [Parte 2] Leyes de Puerto Rico 1753-1754).

los hechos probados en cada caso en particular. 29 LPRA sec. 3118. Además, la Ley Núm. 90-2020 contiene una lista **no taxativa** de conductas que ejemplifican actos que se considerarán constitutivos de acoso laboral. Estas son:

> **[1]** Las expresiones injuriosas, difamatorias o lesivas sobre la persona, con utilización de palabras soeces.
> **[2]** Los comentarios hostiles y humillantes de descalificación profesional expresados en presencia de los compañeros de trabajo.
> **[3]** Las injustificadas amenazas de despido expresadas en presencia de los compañeros de trabajo.
> **[4]** Las múltiples denuncias disciplinarias de cualquiera de los sujetos activos del acoso, cuya temeridad quede demostrada por el resultado de los respectivos procesos disciplinarios.
> **[5]** La descalificación humillante sobre propuestas u opiniones de trabajo.
> **[6]** Los comentarios o burlas dirigidos al empleado sobre la apariencia física o la forma de vestir, formuladas en público.
> **[7]** La alusión pública a hechos pertenecientes a la intimidad personal y familiar del empleado afectado.
> **[8]** La imposición de deberes patentemente extraños a las obligaciones laborales, las exigencias abiertamente desproporcionadas sobre el cumplimiento de la labor encomendada y el brusco cambio del lugar de trabajo o de la labor contratada sin ningún fundamento objetivo referente al negocio o servicio a que se dedica el patrono.
> **[9]** La negativa del patrono u otros empleados a proveer materiales e información de naturaleza pertinente e indispensable para el cumplimiento de labores. 29 LPRA sec. 3118.[5]

---

[5]La disposición precitada establece, de igual modo, ciertos ejemplos sobre actos que no se considerarán conducta constitutiva de acoso laboral. Véase, 29 LPRA sec. 3118(1)-(7).

Con respecto al rango de aplicación de esta ley, resáltese su carácter abarcador, pues, se establece expresamente que "**aplicará a empleados, no importa la naturaleza del empleo, su categoría, jerarquía o clasificación, ni la duración del contrato de empleo, que sean objeto de la conducta denominada como acoso laboral**". (Negrillas y énfasis suplidos). 29 LPRA sec. 3113.

En consonancia con lo anterior, se define el término empleado como "**toda persona que preste servicios a un patrono y que reciba compensación por ello**. Para efectos de la protección que se confiere mediante esta Ley, **el término empleado se interpretará en la forma más amplia posible**". (Negrilla y énfasis suplidos). 29 LPRA sec. 3114(1). Por otro lado, el término patrono se refiere a:

> **[T]oda persona natural o jurídica**, **el Gobierno de Puerto Rico**, incluyendo la **Rama Ejecutiva**, **Legislativa** y **Judicial**, **así como sus instrumentalidades o corporaciones públicas**, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación. También, se incluye a todas las organizaciones o empresas del sector privado que operen con ánimo de lucro o sin él, organizaciones obreras, grupos o asociaciones, en las cuales participan empleados, así como las agencias de empleo. (Negrilla y subrayado suplido). Íd., sec. 3114(2).

Así pues, todo patrono que incurra, fomente o permita el acoso laboral será civilmente responsable frente a las personas afectadas "**por una suma igual al doble del importe de los daños que el acto haya causado al empleado aparte**

**de cualquier otra responsabilidad que se pudiese imputar criminalmente"**. (Negrilla suplida). 29 LPRA secs. 3115, 3121.

Adviértase que, para estar en cumplimiento con la ley, cada patrono deberá adoptar e implementar las políticas internas necesarias a los fines de prevenir, desalentar y evitar el acoso laboral. Igualmente, cada patrono tendrá la obligación de investigar todas las alegaciones de acoso, independientemente de si este es el patrono directo de quien alega la conducta en cuestión. Íd. 29 LPRA sec. 3115. **Además, todo patrono, ya sea público o privado, vendrá obligado a publicar el contenido de la Ley Núm. 90-2020 en un lugar visible y a orientar a los empleados sobre las medidas, políticas y procesos adoptados en el lugar de trabajo en contra del acoso.** 29 LPRA sec. 3119.[6]

---

[6]A modo de referencia, según las <u>Guías sobre el acoso laboral en el sector privado de Puerto Rico</u>, emitidas por el Departamento del Trabajo y Recursos Humanos el 3 de febrero de 2021, **<u>una política efectiva para prevenir y manejar situaciones de acoso laboral en el lugar de empleo debe contener, como mínimo, lo siguiente</u>**: **(1)** una política contra el acoso laboral y sus responsabilidades como patrono; **(2)** ejemplos de comportamientos que podrían constituir acoso laboral; **(3)** una declaración de que los actos de acoso laboral podrían conllevar acciones disciplinarias; **(4)** las responsabilidades de supervisores y gerentes en la prevención e identificación de situaciones que podrían constituir acoso laboral; **(5)** una declaración de confidencialidad para cualquier denunciante de acoso laboral y durante el proceso de investigación, y la prohibición de represalias; **(6)** el procedimiento de presentación de quejas de acoso laboral el cual deberá activarse inmediatamente con la presentación de las alegaciones; **(7)** el procedimiento de investigación que incluya términos dentro de los cuales se llevará a cabo;

Finalmente, y en cuanto al aspecto procesal de la controversia de epígrafe, el Art. 13 de la <u>Ley para prohibir y prevenir el acoso laboral</u>, <u>supra</u>, dispone lo siguiente sobre la forma en que se podrá tramitar un pleito en virtud de este estatuto:

> **<u>En todo pleito judicial</u>** que se inste por violación a las disposiciones de este capítulo, **<u>la persona perjudicada podrá optar</u>** por tramitar su causa de acción **<u>mediante el procedimiento sumario que establece las secs. 3118 a 3132 del Título 32</u>**, **o** mediante el procedimiento ordinario que establece las Reglas de Procedimiento Civil de 2009. (Negrilla y subrayado suplido). 29 LPRA sec. 3123.

De lo anterior, surge diáfanamente que la persona agraviada tiene a su haber dos (2) opciones para la tramitación de su causa acción sobre acoso laboral: la primera, el procedimiento sumario laboral estatuido en la Ley Núm. 2, pues las secciones 3118 a 3124 constituyen la totalidad de la ley; y la segunda, el procedimiento judicial ordinario. **Recálquese que, en todo pleito judicial, la elección de cualesquiera de estas alternativas corresponde al empleado agraviado y no al patrono.**

---

**(8)** los pasos para el agotamiento de remedios que provee la Ley Núm. 90-2020, y **(9)** el protocolo deberá establecer cómo se cumplirá con el deber de difusión en el lugar de trabajo, la fecha en la que fue adoptado el protocolo y el término de su revisión. Íd., págs. 7-11 https://www.trabajo.pr.gov/docs/Libreria_Laboral/Guias/Guías%20sobre%20el%20Acoso%20Laboral%20en%20el%20Sector%20Privado%20de%20Puerto%20Rico%202021.pdf (última visita, 28 de mayo de 2024).

Expuesto el alcance de la <u>Ley para prohibir y prevenir el acoso laboral</u>, y establecido que todo empleado en cualquier pleito judicial entablado en contra de su patrono al amparo de la ley antes aludida tiene a su haber el mecanismo del procedimiento laboral sumario de la Ley Núm. 2, procedo a ilustrar su aplicación a los hechos ante nuestra consideración.

### III

En el caso ante nuestra consideración, el 17 de noviembre de 2022, la señora Reyes Berríos presentó una demanda en contra del Gobierno a tenor de la <u>Ley para prohibir y prevenir el acoso laboral</u> bajo el procedimiento sumario laboral estatuido en la Ley Núm. 2. Dado que el Gobierno no contestó la demanda dentro del término de diez (10) días de haber sido notificada,[7] la señora Reyes Berríos solicitó que se le anotara la rebeldía.

A esta solicitud, el Tribunal de Primera Instancia proveyó <u>no ha lugar</u>. El Tribunal de Apelaciones, al denegar el recurso, expresó que las disposiciones de la Ley Núm. 2 no son aplicables a los empleados del sector público. A su vez, dispuso que el Art. 13 de la Ley Núm. 90-2020 tampoco concede autoridad para ello. **Esta determinación no es,**

---

[7]Esto es así para aquellas instancias en las que la demanda fue notificada en el mismo distrito judicial en el cual se inició la acción judicial, tal y como ocurrió en el caso de autos. En las demás instancias, el término para contestar es de quince (15) días. Véase, Sec. 3 de la Ley Núm. 2, 32 LPRA sec. 3120.

**según adujo el foro apelativo intermedio, "esencialmente correcta", sino que es patentemente errónea.**

Este Tribunal hoy confirma tal determinación amparándose principalmente en cierta jurisprudencia y en el lenguaje de la Ley Núm. 2. Primeramente, destaco que los casos de Rivera Torres v. UPR et al., 209 DPR 539 (2022); Rivera Ortiz v. Municipio de Guaynabo, 141 DPR 257 (1996); Depto. Recreación y Deportes, 129 DPR 557 (1991), no son vinculantes en la controversia de autos, pues cuando allí se resolvió que la ley de procedimiento sumario laboral aplicaba únicamente al contexto privado, no se evaluó cómo la Ley para prohibir y prevenir el acoso laboral modificó ese aspecto en aquellos casos en que el reclamo se fundamenta en una acción de acoso laboral. Peor aún, se utiliza como fundamento ciertas expresiones legislativas emitidas en el **1961** en el marco de la aprobación de la Ley Núm. 2 para contradecir la expresión clara e inequívoca de la Asamblea Legislativa y el Ejecutivo del **2020**, lo cual nos parece una interpretación que se distancia de los principios básicos más de hermenéutica legal.

Según adelanté, con la aprobación de la Ley para prohibir y prevenir el acoso laboral se estableció en nuestro ordenamiento jurídico laboral una política pública enérgica y vigorosa que prohíbe el acoso contra todo empleado, ya sea del sector privado o público. 29 LPRA sec.

3113.[8] A tenor con esta, se provee a toda la clase trabajadora del País una causa de acción para impedir el acoso laboral y, además, se les indemniza por los daños experimentados a consecuencia de ese vejamen. 29 LPRA secs. 3115, 3121. Más importante aún, la ley precitada contempla que **en todo pleito judicial** el empleado agraviado pueda, a su entera elección, tramitar su causa de acción bajo el procedimiento laboral sumario de la Ley Núm. 2. **Precisamente, tal escenario se produjo en este caso.**

De entrada, destaco que no cabe duda de que la señora Reyes Berríos es una empleada para los efectos de la Ley Núm. 90-2020, pues ha trabajado por más de veinte (20) años para el ICF a cambio de una compensación. 29 LPRA sec. 3114(1).[9] Asimismo, resulta incuestionable que el ICF también es un patrono para los efectos de esta ley, pues, como vimos, la Ley Núm. 90-2020 precisa que sus disposiciones le aplicarán al Gobierno, a la Rama Ejecutiva, así como a sus instrumentalidades o corporaciones públicas. 29 LPRA sec. 3114(2).

---

[8]Para un análisis y una exposición sobre el acoso laboral, sus características y uso, la prevalencia, finalidad y estrategias, así como las consecuencias en la víctima y en la organización, véase, Y. Quiñones Nieves, Propuesta: el acoso laboral como una causa de acción independiente en las reclamaciones laborales: proyectos de ley, trayectoria, vetos y resistencias, 89 Rev. Jur. UPR 199, 203-206 (2020).

[9]Reitérese que la Ley Núm. 90-2020 impone a los tribunales el deber de interpretar el término empleado "en la forma más amplia posible". 29 LPRA sec. 3114(1).

Así, al amparo del Art. 13 de la <u>Ley para prohibir y prevenir el acoso laboral</u> —el cual, recalco, provee para que la persona perjudicada escoja si tramitará su causa de acción bajo el procedimiento sumario laboral de la Ley Núm. 2 o bajo un procedimiento judicial ordinario—, la señora Reyes Berríos optó por tramitar su reclamación sumariamente. Véase, 29 LPRA sec. 3123. **Este accionar fue correcto en Derecho y su validez, a la luz de la Ley Núm. 90-2020, es indiscutible.**

Desde luego, la Asamblea Legislativa, en virtud de la Ley Núm. 90-2020, viabilizó la tramitación sumaria de estos casos. Principalmente porque en este tipo de controversias están implicadas una multiplicidad de derechos fundamentales, entre estos, el derecho a la dignidad, la igualdad humana y la protección contra riesgos a la salud y seguridad en el empleo consagrados en nuestra Constitución. Véase, Exposición de Motivos de la Ley Núm. 90-2020, (2020 [Parte 2] Leyes de Puerto Rico 1753-1754).

En ese sentido, el uso del mecanismo sumario laboral dispuesto en la Ley Núm. 2 representa una vía expedita para que todo empleado, **<u>público o privado</u>**, pueda vindicar sus reclamos y hacer que su patrono cumpla con la política pública enérgica y vigorosa contra el acoso en el entorno laboral existente en Puerto Rico. Ello, naturalmente, por los beneficios que presupone la tramitación de un procedimiento bajo la Ley Núm. 2, lo que incluye, entre

otros, **la aplicación de términos cortos para la contestación de la demanda**, **la exigencia de justa causa para prorrogar el término para contestar la demanda**, la exención en el pago de aranceles, la limitación de los mecanismos de descubrimiento de prueba y la garantía de que no se impondrán costas contra el empleado o la empleada que no prevalezca en su reclamación. Secs. 1, 3 y 15 de la Ley Núm. 2, supra, 32 LPRA secs. 3118, 3120 y 3132. Véase, Rivera v. Insular Wire Products Corp., 140 DPR 912, 923-924 (1996); E.J. Mendoza Méndez, Procedimiento sumario laboral, 2015, págs. 73-75. **En consecuencia, una persona agraviada por acoso laboral no tiene que someterse obligatoria e injustificadamente a un procedimiento judicial ordinario con las cargas que ello conlleva.**

Precisamente, el error de los foros recurridos, así como el de este Tribunal, radica en que estos fallaron al no reconocer el lenguaje prístino del Art. 13 de la Ley Núm. 90-2020, supra, el cual, como vimos, posilibita que "**[e]n todo pleito judicial** que se inste por violación a las disposiciones de este capítulo, **la persona perjudicada** podrá optar por tramitar su causa de acción **mediante el procedimiento sumario que establece las secs. 3118 a 3132 del Título 32**". 29 LPRA sec. 3123.

Indudablemente, la disposición antes aludida autoriza a los empleados públicos a entablar reclamaciones de acoso laboral en contra del Gobierno bajo el procedimiento

sumario laboral. Esto está sustentado por el texto de la
Ley para prohibir y prevenir el acoso laboral, el cual es
cónsono con su intención legislativa. **Por consiguiente,
este caso debió continuar sujeto a las singularidades del
procedimiento sumario laboral dispuesto en la Ley Núm. 2.**[10]

Empero, hoy una Mayoría de este Tribunal tomó otro
rumbo y, con ello, crea dos (2) clases de empleados: los
primeros, los del sector privado, quienes se beneficiarán
de que su causa de acción sea tramitada diligentemente y

---

[10]Al respecto, la Sección 3 de la Ley Núm. 2 establece
lo siguiente:

>     El secretario del tribunal notificará a
> la parte querellada con copia de la
> querella, apercibiéndole que deberá radicar
> su contestación por escrito, con constancia
> de haber servido copia de la misma al abogado
> de la parte querellante o a ésta si hubiere
> comparecido por derecho propio, **dentro de
> diez (10) días después de la notificación,
> si ésta se hiciere en el distrito judicial
> en que se promueve la acción**, y dentro de
> quince (15) días en los demás casos, y
> apercibiéndole, además, que si así no lo
> hiciere, **se dictará sentencia en su contra,
> concediendo el remedio solicitado, sin más
> citarle ni oírle. Solamente a moción de la
> parte querellada**, la cual deberá notificarse
> al abogado de la parte querellante o a ésta
> si compareciere por derecho propio, **en que
> se expongan bajo juramento** los motivos que
> para ello tuviere la parte querellada, **podrá
> el juez**, si de la faz de la moción encontrara
> **causa justificada**, **prorrogar el término para
> contestar. En ningún otro caso tendrá
> jurisdicción el tribunal para conceder esa
> prórroga**.

(Negrilla y subrayado suplido). Íd., 32 LPRA sec.
3120.

con la multiplicidad de beneficios que provee el procedimiento sumario laboral codificado en la Ley Núm. 2; y los segundos, los empleados públicos del Gobierno, quienes con el saldo esta Opinión, verán cómo sus reclamos se convierten en unos de segunda clase y su pronta resolución será una ilusión que agravará la carga emocional que ya de por sí presupone ser víctima reclamante de acoso laboral.

**IV**

En definitiva, la desacertada tramitación de esta controversia bajo el procedimiento judicial ordinario ha provocado que, a más de un (1) año y cuatro (4) meses desde que la señora Reyes Berríos presentó su causa de acción, esta aún se encuentre en su fase inicial.[11] Este proceder no tan solo contraviene la política pública vigorosa en contra del acoso laboral, sino que también nulifica la tramitación sumaria de estas controversias bajo la Ley Núm. 2 en consideración a la multiplicidad de derechos constitucionales afectados por tan reprochable conducta.

Procedía, entonces, que revocáramos la determinación recurrida por haber concedido una oportunidad para contestar tras haberse vencido el término exigido en el procedimiento laboral sumario y, consecuentemente, que se le anotara la rebeldía al Gobierno. Toda vez que un sector

---

[11]Así lo refleja una búsqueda del trámite del caso de referencia en el sistema SUMAC. Véase, SJ2022CV10090 (última visita, 28 de mayo de 2024).

mayoritario de este Tribunal erró gravemente al actuar en contra de las protecciones laborales contenidas en nuestro ordenamiento jurídico y del texto expreso de la <u>Ley para prohibir y prevenir el acoso laboral</u>, **disiento**.

                              Luis F. Estrella Martínez
                                   Juez Asociado