Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANTONIO DE LOS SANTOS TEJADA<br><br>RECURRIDO<br><br>V.<br><br>CÁMARA DE COMERCIO DE PUERTO RICO<br><br>PETICIONARIO | KLCE202401011 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sala:804<br><br>Civil Núm.: SJ2023CV09742<br><br>Sobre:<br>Procedimiento Sumario Bajo Ley Núm. 2 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de septiembre de 2024.

Comparece ante nos, la Cámara de Comercio de Puerto Rico (en adelante, "la parte peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 28 de agosto de 2024 y notificada el 9 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida determinación, el foro recurrido declaró *No Ha Lugar* la petición de término para radicar una "*solicitud de sentencia sumaria*," presentada por la parte peticionaria. Todo, dentro de un pleito sobre despido injustificado; solicitud de pago de mesada; y discrimen por edad, al amparo Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 et. seq. Dicho pleito fue instado por Antonio de los Santos Tejada (en los sucesivo, "el recurrido").

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso de *certiorari.*

**I.**

El 17 de octubre de 2023, el recurrido presentó una "*Querella*" ante el tribunal primario. Relató, que fue empleado de la parte peticionaria durante el término de veintinueve (29) años. Alegó, que durante el ejercicio de su cargo laboral la directora ejecutiva de la parte peticionaria le fue apartando de sus funciones laborales hasta que finalmente fue despido de su cargo. Indicó, que el 6 de junio de 2023 fue la fecha en que se le notificó mediante carta de su despido.

Ante ello, instó por medio de la referida "*Querella*" dos (2) causas de acción. La primera, al amparo de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1977, según enmendada, 29 LPRA sec. 185a et seq. La segunda, en virtud de la Ley Contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 et seq. Así pues, solicitó al foro recurrido que le ordenara a la parte peticionaria que se abstuviera de utilizar la tarjeta de crédito que llevaba su nombre y que le entregara su expediente personal. Además, peticionó el pago de una mesada por despido injustificado; $200,000.00 en concepto de daños y perjuicios; duplicación de los daños; indemnización por perdida de ingresos; costas y honorarios de abogado.

En reacción, el 30 de octubre de 2023, la parte peticionaria presentó una "*Contestación a Querella.*" Mediante esta, negó las alegaciones sobre discrimen y despido injustificado. Únicamente admitió que el recurrido fue su empleado y que éste fue posteriormente despedido por motivos de una reorganización interna.

Luego de varios trámites procesales que no son pertinentes a la controversia que nos ocupa, el 28 de agosto de 2024, el foro recurrido celebró una vista intitulada "*Conferencia con Antelación a Juicio y Vista Transaccional.*" Acto seguido, el 9 de septiembre de 2024, dicho foro notificó la "*Minuta"* de la referida vista. Mediante esta, esbozó las siguientes determinaciones:

Se dicta **Sentencia Parcial de Desistimiento con perjuicio** en cuanto a la causa de acción de discrimen por edad. Continúa la reclamación de Ley 80.

**No ha lugar** a la solicitud de presentar moción de solicitud de sentencia sumaria.

Se **ordena** que los representantes legales se reúnan presencial para confeccionar el informe de conferencia en los próximos treinta (30) días para que presenten las estipulaciones de hechos adicionales.

Eliminadas las reservas que surgen en el informe de conferencia.

**No ha lugar** a la solicitud de eliminar testigo sin que se levante la presunción, no es conforme a las Reglas de Procedimiento Civil.

**No ha lugar** a la solicitud de presentar moción de solicitud de sentencia sumaria en este momento.

Se toma conocimiento que no hay prueba pericial.

En **cuanto a las objeciones** generales anunciadas en la página sesenta y ocho (68) del informe no las acoge y se tiene por no puesta.

Se **aprueba el informe** de conferencia con antelación a juicio como el acta que regirá los procedimientos, condicionado a lo discutido hoy.

Se concede hasta el 11 de octubre de 2024 para presentar **moción in limine** y luego de ello diez (10) días para presentar cualquier réplica.

Se señala el **Juicio en su Fondo** para los días **10, 11 y 12 de diciembre de 2024,** a las **10:00** a.m., presencial.

En desacuerdo con las determinaciones relacionadas a la presentación de una "*solicitud de sentencia sumaria*," el 18 de septiembre de 2024, la parte peticionaria presentó una "*Solicitud de Reconsideración para Presentar Solicitud de Sentencia Sumaria*." Dicho petitorio fue declarado *No Ha Lugar* por el foro recurrido en fecha de 19 de septiembre de 2024. El mismo día, la parte peticionaria presentó ante nos un recurso de *certiorari*. Mediante este, expuso el siguiente señalamiento de error:

Primer y único error señalado: Erró el Tribunal de Primera Instancia, Sala Superior de San Juan, al abusar de su discreción y negarse a conceder a la Cámara su solicitud de término para presentar una "solicitud de sentencia sumaria," al determinar erradamente que la misma debía ser presentada no más tarde de treinta (30) días luego de finalizado el descubrimiento de prueba el 28 de mayo de 2024.

Posteriormente, el 23 de septiembre de 2024, el recurrido presentó ante nos una "*Solicitud de Desestimación por Falta de Jurisdicción*." En esencia, argumentó que este Foro no tiene autoridad para evaluar el

recurso presentado, dado que, es prematuro. Indicó, que la parte peticionaria presentó el referido recurso ante este Tribunal a la 1:10pm del 19 de septiembre de 2024. Sin embargo, en ese momento el foro recurrido no había adjudicado la "*Solicitud de Reconsideración para Presentar Solicitud de Sentencia Sumaria*." Sostuvo, que la referida reconsideración fue atendida por dicho foro a la 4:50pm del 19 de septiembre de 2024. Por consiguiente, alegó que el recurso fue presentado a destiempo.

**II.**

**A.   *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo

intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial

para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B. Recurso Prematuro:**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013); *CBS Outdoor v. Billboard One, Inc., et al.,* 179 DPR 391, 403-404 (2010). Cuando un Tribunal de Apelaciones carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, págs. 883-884. Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 884. Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, supra, pág. 883; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester resaltar que la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o ante

la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**C.     Procedimiento Sumario en las Reclamaciones Laborales**:

La Ley de Procedimiento Sumario de Reclamaciones Laborales, *supra*, dispone un mecanismo de reclamaciones laborales para la consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales de manera expedita. 32 LPRA sec. 3118; *Peña Lacern v. Martínez Hernández et al.*, 2010 DPR 425, 434 (2022); *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921 (2008); *Ríos v. Industrial Optics,* 155 DPR 1 (2001); *Santiago v. Palmas del Mar Properties, Inc.,* 143 DPR 886 (1997). Para dicha legislación, la Asamblea Legislativa tuvo la intención de brindar a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas contra los patronos. *Reyes Berríos v. ELA,* 2024 TSPR 53. Este tipo de reclamación tiene que tramitarse con celeridad para adelantar la política pública de proteger al obrero y desalentar el despido injustificado. El legislador, con el objetivo de adelantar sus propósitos estableció: 1) términos cortos para la contestación de la querella; 2) criterios para la concesión de una sola prórroga para contestar la querella; 3) un mecanismo para el emplazamiento del patrono querellado; 4) el procedimiento para presentar defensas y objeciones; 5) criterios para la aplicación de las Reglas de Procedimiento Civil; 6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; 7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; 8) la facultad del tribunal para dictar sentencia en rebeldía, cuando el patrono querellado no cumple con los términos provistos para contestar la querella; y 9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016).

Cónsono con lo anterior, el procedimiento sumario de reclamaciones laborales establece una serie de limitaciones al momento de que el Foro Apelativo revise las resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia. Véase, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021). Siendo así, de ordinario la parte que pretende impugnar una resolución interlocutoria deberá esperar a que se dicte una resolución final para que se puedan revisar las actuaciones del foro recurrido. *Id.* A manera de excepción, las resoluciones interlocutorias dictadas al amparo del referido procedimiento sumario, serán revisables si ocurre alguno de los siguientes escenarios: (1) cuando el foro primario haya accionado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Ortiz v. Holsum*, 190 DPR 511 (2014).

**III.**

En el caso ante nuestra consideración, la parte peticionaria recurre de una determinación interlocutoria realizada por el foro recurrido. Mediante esta, dicho foro no le concedió a la referida parte el término solicitado para presentar una "*solicitud de sentencia sumaria.*" La parte peticionaria entiende que dicho proceder constituye un abuso de discreción, dado que, el caso carece de hechos esenciales en controversia.

Por otra parte, el recurrido argumenta que el recurso ante nuestra consideración fue presentado antes de adjudicarse la "*Solicitud de Reconsideración para Presentar Solicitud de Sentencia Sumaria*." Por lo cual, sostiene que su presentación es prematura.

En los casos de reclamaciones laborales al amparo del procedimiento sumario de la Ley Núm. 2, *supra*, las Reglas de Procedimiento Civil aplican de forma supletoria. Siempre y cuando no entren en conflicto con el carácter sumario de este tipo de procedimientos. Véase, Cl*ass Fernández v. Metro Health Care Managemnet System,* Inc., 2024 TSPR 63; *Peña Lacern v. Martínez Hernandez et al.,* supra pág. 435. Es por ello, que las determinaciones interlocutorias, como la presente, que

se emitan en casos ventilados por la vía sumaria no pueden ser objeto de reconsideración. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 725 (2016).

Ante ello, la naturaleza este procedimiento no le permitía a la parte peticionaria presentar una reconsideración sobre la determinación interlocutoria del 9 de septiembre de 2024. Aun así, peticionó que se reconsiderada el referido dictamen y posteriormente presentó ante nos un recurso de *certiorari* prematuro. Esto, dado que, no esperó a que finalmente se adjudicara la "*Solicitud de Reconsideración para Presentar Solicitud de Sentencia Sumaria.*" Por lo cual, eso por sí solo nos impide entrar en los méritos del recurso presentado.

Independientemente de ello, nuestra revisión de este tipo de dictámenes está limitada a la existencia de una serie de instancias. De esta manera se protege la naturaleza expedita del proceso. Siendo así, la norma general establece que las resoluciones interlocutorias bajo este tipo de procedimientos no son revisables ante este Foro. A manera de excepción, dichas resoluciones serán revisables si se cumple con alguno de los tres (3) criterios contemplados en nuestro ordenamiento jurídico.

El recurso que nos ocupa no cumple con alguno de dichos criterios. Entiéndase, la resolución interlocutoria ante nuestra consideración no fue dictada sin jurisdicción; nuestra revisión inmediata no dispondría del caso en su totalidad; y no estamos ante un escenario en el que nuestra revisión evite una grave injusticia. Por consiguiente, este otro fundamento jurídico también nos impide intervenir con la resolución interlocutoria emitida. La parte peticionaria debe esperar a que se dicte una resolución final para que se puedan revisar las actuaciones del foro recurrido.

Como tercer fundamento, advertimos que el presente recurso no cumple con las instancias de revisión incorporadas en las Regla 52.1, *supra*. Esto, también impide la revisión en los méritos del auto de *certiorari*. Así pues, carecemos de autoridad para atender el presente recurso.

**IV.**

Por los fundamentos expuestos, *desestimamos* por falta de *jurisdicción* el presente auto de *certiorari*.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones